IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Steven Samuel, #318276, | ) | |
| | ) | Civil Action No. 2:14-666-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Willie L. Eagleton, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    Petitioner Steven Samuel, a state inmate proceeding pro se, filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1]  Before the court is the Magistrate Judge's Report and Recommendation ("Report"), recommending that the court deny Petitioner's motion for a preliminary injunction, grant Respondent's motion for summary judgment, and dismiss the Petition with prejudice.  (ECF No. 42).   Petitioner filed objections.  (ECF No. 47).

    The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, objections to the Report must be specific.  Failure to file specific objections constitutes a waiver of a party's right

---

[1]  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.1984).

On January 13, 2015, after not timely receiving any objections, the court adopted the Report and dismissed this action with prejudice. (ECR No. 44). On January 15, 2015, however, the court received Petitioner's objections. (ECF No. 47). The court re-opened the case to consider the objections and to determine whether the objections were timely. (ECF No. 48).

A pro se prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Absent specific indication by prison authorities as to the date received for mailing, courts look to the date the petition is executed by the inmate or the postmark date. *Houston v. Lack*, 487 U.S. at 75 (emphasizing importance of objective indicia of delivery to alleviate need to "dispute a prisoner's assertions that he delivered the paper on a different date."); *See, e.g., Marsh v. Soares*, 223 F.3d 1217, 1218 n. 1 (10th Cir. 2000) ("Liberal application of the mailbox rule . . . causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed.") and *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (considering postmark as evidence of date of mailing in applying prison mailbox rule).

There is no indication as to the date that the objections were delivered to the prison mailroom, and the earliest date on the envelope is the January 13, 2015 postmark. (ECF No. 47-1). However, Plaintiff attests that he signed and mailed the objections on January 8, 2015. (ECF No. 47 at 28). Based upon this attestation, the court finds Petitioner's objections were filed January 8, 2015. Accordingly, the court vacates its prior order dismissing this action with prejudice (ECF No. 44), and will consider Petitioner's objections timely.

Upon review, the court finds that many of Petitioner's objections are unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. The court, however, was able to glean two specific objections: 1) the Magistrate Judge erred in finding that the PCR judge's decision regarding credibility was not in error (Objections at 22-23); and 2) the Magistrate Judge erred in holding some claims were not exhausted because the PCR judge failed to rule on them (Objections at 25).

The Magistrate Judge found the PCR court's factual findings, including his credibility determinations, are supported by the record and  not objectively unreasonable.  (Report at 16). In doing so, the Magistrate Judge extensively reviewed the testimony of Petitioner and his counsel.  (Report at 10-16).  The court has also independently reviewed the record and testimony in this case, and agrees with the Magistrate Judge.  Petitioner has not shown the PCR court's credibility findings to be stark and clear error.  *Cagle v. Branker,* 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear . . . .  Indeed, 'federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." (*quoting Marshall v. Lonberger,* 459 U.S. 422, 434 (1983)).  Accordingly, this objection is without merit.

As for Petitioner's objection to the Magistrate Judge finding some claims procedurally barred (Report at 21), the court also finds that objection to be without merit.  Procedural default occurs when a habeas petitioner fails to exhaust his state remedies and the state court would now find the claims procedurally barred.  *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001). When a procedural default occurs, federal review is barred unless the petitioner can show cause for his default and resulting prejudice, or actual innocence. *Harris v. Reed*, 489 U.S. 255, 262 (1989).

The petitioner may also avoid the procedural bar by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008).

The Magistrate Judge specifically found that a *Brady* issue raised by Petitioner in his memorandum in support of his Petition was defaulted as Petitioner did not raise the issue to the PCR court. (Report at 21). As the Magistrate Judge noted, when a judge fails to rule on an issue, to preserve it, a petitioner must file a Rule 59 (e) motion. (Report at 21). *See Al- Shabazz v. State*, 527 S.E.2d 742, 747 (S.C. 2000) ("After a hearing, the PCR court grants or denies relief by issuing a written order containing findings of fact and conclusions of law. Either party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order." (internal citation omitted)).

Petitioner's counsel could have filed a Rule 59(e) motion. Likewise, Petitioner could have filed a pro se Rule 59(e) motion. Neither did and, therefore, Petitioner's claims are procedurally defaulted. Moreover, Petitioner's procedural bar may be excused only if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not established any cause for the default or that failure to consider his claims will result in a fundamental miscarriage of justice. Hence, his objection that these claims are not procedurally defaulted is without merit.

Based on the foregoing, the prior order of the court dismissing this action with prejudice (ECF No. 44) is **VACATED**. After considering Petitioner's timely objections, Petitioner's

motion for preliminary injunction (ECF No. 29) is **DENIED**; Respondent's motion for summary judgment (ECF No. 24) is **GRANTED**; and this action is **DISMISSED** with prejudice.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 29, 2015
Anderson, South Carolina